516 So.2d 964 (1987)
STATE of Florida, Appellant,
v.
Timothy BENNETT, Appellee.
No. 86-1330.
District Court of Appeal of Florida, Fifth District.
June 11, 1987.
On Motion for Rehearing December 24, 1987.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Barbar L. Condon, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Judge.
The state appeals a suppression order in a case charging the defendant, Timothy Bennett, with possession of cocaine, marijuana and drug paraphernalia. The trial court found that the arresting officer conducted an illegal and warrantless search of Bennett's vehicle in violation of the fourth and fourteenth amendments of the Constitution of the United States.
At the suppression hearing, the arresting officer testified that he had been told by another officer that Bennett had been involved in a narcotics sale with a confidential informant. Bennett's arrest was delayed for about 30 days, and during this time he was kept under surveillance. About a week before the arrest, the officer was told that Bennett's driver's license had been suspended.
On the day of the arrest, the officer observed Bennett driving his automobile. *965 When Bennett pulled into a parking place at his apartment, the officer pulled in behind and blocked him. Bennett exited the vehicle and started to walk toward his apartment, but was intercepted by the officer and arrested. The officer then searched Bennett's car, finding a quantity of cocaine in a bottle on the center console of the car. The car was then impounded and inventoried at the police station.
The trial court granted Bennett's motion to suppress on the ground that the evidence was procured by an invalid inventory search  i.e., the car was improperly seized and searched without a warrant. The state contended below, and now on appeal, that the search was valid as incident to arrest pursuant to New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
We agree with the trial judge. The operative case is Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), not New York v. Belton.[1]Coolidge precludes the search of an automobile recently occupied by an arrested person where the exigency (substitute for a search warrant) is created by the state. In Belton the United States Supreme Court sought to create "[a] single, familiar standard ... to guide police officers" confronted with the question of the proper scope of the search of the interior of an automobile incident to a lawful arrest of its occupants  but expressly recognized that any such departure was still predicated on "the exigencies of the situation." Belton, 453 U.S. at 457, 101 S.Ct. at 2862.
As we said in State v. Chivers, 400 So.2d 1247 (Fla. 5th DCA 1981):
... Coolidge ... stands for the proposition that for purposes of the Carroll [v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)] doctrine, exigent circumstances do not exist if the police have had adequate time and probable cause prior to the search to procure a warrant. In that case, the evidence against Coolidge had accumulated over a two-and-a-half week period, and a warrant to search his automobile, which was regularly parked at his home, easily could have been obtained. In fact, a defective warrant signed not by a neutral magistrate but by the state attorney general was obtained. Thus, the state had to justify a warrantless search. The state thereupon argued that the valid arrest of Coolidge created an exigent circumstance, because he was then alerted and could have had his car removed from the home by someone else. The court rejected this argument on the basis that the police cannot create the exigency that serves as an exception to Fourth Amendment requirements by their own prior unreasonable action in failing to procure a valid warrant when probable cause to do so existed. (Emphasis in original.)
400 So.2d at 1249.
In the instant case, the arresting officer planned Bennett's arrest for some 30 days. He testified he intended in advance to arrest Bennett and seize his car to search it, deliberately refraining from obtaining a search warrant. The trial judge, after hearing this testimony, asked why the officer did not obtain a search warrant, and the prosecutor responded, "That is certainly a preferable way of doing it." In Coolidge, the United States Supreme Court answered the inquiry of the trial judge even more affirmatively: It is the only way of doing it.
Belton and the other cases cited by the state are readily distinguishable. They all involved the unplanned, unanticipated arrest of an occupant, or recent occupant, of a motor vehicle  thereby confronting the arresting officer with an exigent circumstance which he had not created. That is not the case before us. Here, the arresting officer created the exigency by his failure to apply for a search warrant, despite having ample opportunity to do so. This is analogous to the failure of the arresting officers in Coolidge.
As observed by the trial judge below, the officer's testimony indicated this was "basically *966 an inventory search"  i.e., a seizure of the car without a warrant. The car was legally parked on private property and there was no legal basis to seize it, nor was there any purported compliance with the requirements of South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), or Miller v. State, 403 So.2d 1307 (Fla. 1981).
Coolidge is directly on point and supports the trial court's order of suppression. As a plurality of the Court stated in Coolidge: "The word `automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." 403 U.S. at 461-62, 91 S.Ct. at 2035.
AFFIRMED.
ORFINGER, J., concurs.
UPCHURCH, C.J., dissents without opinion.

ON MOTION FOR REHEARING
COBB, Judge.
On motion for rehearing the state urges that Bennett was arrested not only for the prior drug transaction, but also for the continuing offense of driving without a license  thus, the latter arrest was not an exigency created by the officer, a factor distinguishing this case from Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Given a valid arrest for the driving offense, contends the state, a search of the nearby vehicle was a valid search incident to a valid arrest. The state relies on New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), for this proposition.
The distinction between Belton and the instant arrest of Bennett for the driving offense is that Bennett was not the occupant of a vehicle at the time of his arrest as were the defendants in Belton. Bennett had left his car and was en route on foot to his apartment when arrested. The state has adduced no evidence of the distance between Bennett and his vehicle at the time of his arrest. Given a warrantless search, this burden at all times was upon the state.
State v. McLendon, 490 So.2d 1308 (Fla. 1st DCA), review denied, 500 So.2d 544 (Fla. 1986), extended Belton to justify the search of a truck where its driver was arrested within a service station some 20 to 30 feet away from the door of the truck and about three minutes after he had been in the service station. There is nothing in Belton or in the prior Chimel[1] or Carroll[2] cases to justify this extension.
For the foregoing reasons, the motion for rehearing is
DENIED.
ORFINGER, J., concurs.
UPCHURCH, C.J., dissents with opinion.
UPCHURCH, Chief Judge, dissenting.
I respectfully dissent. In Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), Coolidge was arrested inside his house; his car was outside in the driveway. Coolidge was not driving or involved with the vehicle at the time of his arrest. The car was seized, taken to the police station and searched two days later. A warrant was obtained but held to be invalid. The Court extensively discussed searches incident to arrest and concluded the "search incident" doctrine had no applicability to the case. The Court stated that Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), makes plain that the police could not legally seize the car, remove it, and search it at their leisure without a warrant.
In the present case, a police officer observed Bennett driving his vehicle on the road. The officer had information that Bennett had a suspended license. The officer called for back-up, followed Bennett to his apartment, pulled up behind his car to block it, exited his vehicle and asked Bennett for his license. When Bennett could *967 not produce a license, he was arrested for operating a vehicle without a license, driving with a suspended license and for sale of narcotics. The fact that the officer wanted to stop Bennett for the narcotics charge does not invalidate the stop and arrest for the traffic violation. Hansbrough v. State, 509 So.2d 1081 (Fla. 1987). Since Bennett was validly stopped and arrested and was the recent occupant of his vehicle, the police had the right to search the passenger compartment of his vehicle as a search incident to arrest, per New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
Contrary to the conclusion of the majority that there is no evidence of exact distance between the site of the arrest and the vehicle in the instant case, it is clear that the officer followed Bennett into his driveway and blocked his exit and arrested Bennett as he was walking to his house. In my view, this was a search incident to a valid arrest. That there was no specific measurement from the vehicle to the place where Bennett was placed under arrest should not control; it is obvious that the arrest was close in time and place. I would reverse the suppression order.
NOTES
[1] The continuing viability of Coolidge is illustrated by the recent opinion in Arizona v. Hicks, ___ U.S. ___, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987).
[1] Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
[2] Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed.2d 543 (1925).