538 So.2d 1279 (1989)
STATE of Florida, Appellant,
v.
Ed HOWARD, Jr., Appellee.
No. 88-1498.
District Court of Appeal of Florida, Fifth District.
January 26, 1989.
Rehearing Denied March 6, 1989.
*1280 Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellant.
No appearance, for appellee.
COWART, Judge.
A police officer, knowing of an outstanding warrant for the arrest of appellee for a probation violation, commenced following appellee, who was driving a car. Appellee turned into a convenience store, got out of his car with a pouch in his hand, saw the officer, then put the pouch back into the car and locked it and put the key in his pocket. The police officer approached appellee and advised him of the warrant for his arrest, called and verified the outstanding warrant, and then arrested him. After appellee was arrested, appellee's brother arrived at the scene in another vehicle. Appellee told his brother to get appellee's keys from appellee's pocket and told his brother, "Don't let them search my car." The brother tried to get the keys from appellee's pocket but the officer got there first and ordered the brother "to stand back." The officer took the keys from appellee and searched the vehicle, finding contraband. The trial court suppressed the contraband evidence and the State appeals. We affirm.
We agree with the trial court that the search of appellee's vehicle was not a search incident to a valid arrest. Appellee had exited his vehicle and locked it, and was detained until the validity of the outstanding arrest warrant was verified and then arrested. Of course, the officer's suspicions were aroused when appellee put his pouch back in his car, locked it and tried to prevent his car from being searched. However, the officer did not have probable cause for a warrantless search of the car. There was no valid need or reason to search appellee's vehicle as an incident to his valid arrest. See State v. Bennett, 516 So.2d 964 (Fla. 5th DCA 1987), rev. denied, 528 So.2d 1183 (Fla. 1988).
AFFIRMED.
ORFINGER and DANIEL, JJ., concur.