ZEHMER, Judge
(dissenting).
I respectfully dissent. Had the officer taken possession of the automobile when he arrested Harden, no doubt the search under review could be sustained as an inventory search, but that is not the case. The Supreme Court’s decision in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), is not authority for an officer arresting a stopped driver for traffic law violations to conduct a search of an automobile in every case regardless of the circumstances shown, yet that is essentially the state’s argument in this case. The *402 facts in State v. McClendon, 490 So.2d 1308 (Fla. 1st DCA 1986), are materially distinguishable from those in this case. I would reverse on the authority of State v. Bennett, 516 So.2d 964 (Fla. 5th DCA 1987). Harden left his vehicle after he was stopped and arrested for driving with expired tags and a suspended driver’s license, and the arresting officer mutually agreed with Harden that he could call a friend to come get the vehicle, so the fundamental reasons articulated in Belton for the search of the vehicle did not obtain in this case.