660 So.2d 803 (1995)
Tara UNION, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01474.
District Court of Appeal of Florida, Second District.
September 22, 1995.
Ellis Rexwood Curry IV, Tampa, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kimberly D. Nolen, Assistant Attorney General, Tampa, for appellee.
PER CURIAM.
The defendant, Tara Union, appeals the denial of her motion to suppress cocaine found in her purse during the search of a car in which she was a passenger. We reverse because the state failed to prove that the warrantless search of the car was justified as either a search incident to arrest or a search based on probable cause.
The following undisputed facts were presented by stipulation. Union was a passenger in a car also occupied by two men who were involved in a drug transaction that had *804 been arranged by law enforcement officers using a confidential informant. The officers had no reason to believe that Union would be involved in the drug transaction. Union stayed in the car while the two men went into a hotel room and sold cocaine to the informant. After the men were arrested, two officers who had observed the men arriving at the hotel went to search the car which the men had occupied. When the officers observed Union in the car, they took her out of the car and searched her purse where they found a trace amount of cocaine.
The state contends that the search of the car and its contents was proper as either a search incident to the arrest of the two men who made the drug sale or as a search based on the "automobile exception" established by the United States Supreme Court in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).[1] On the facts presented, neither of these exceptions to the warrant requirement apply.
We first address the "search-incident-to-arrest" argument. In Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the United States Supreme Court held that a lawful arrest justifies the contemporaneous search without a warrant of the person arrested and of the immediately surrounding area. In New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981), this exemption from the warrant requirement was extended to automobiles by the Court's holding that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile," including any containers found therein. However, unless the arrestee is a recent occupant of the automobile, the Belton rule does not apply. See State v. Vanderhorst, 419 So.2d 762 (Fla. 1st DCA 1982).
The determination of whether an arrestee was a recent occupant must be made on a case by case basis and should be guided by the rationale underlying the search-incident-to-arrest exception. Therefore, we examine the facts in this case while keeping in mind the fact that Chimel permits an arresting officer to conduct a warrantless search "of the arrestee's person and the area within his immediate control" because of the need to remove any weapons that the arrestee might seek to use and the need to prevent the concealment or destruction of evidence. 395 U.S. at 763, 89 S.Ct. at 2040.
At the time the car was searched, the occupants who were arrested were in a second floor hotel room some distance away from the car and had been away from the car for a long enough time to complete a drug sale and be arrested. While we do not know the exact amount of the distance or time they were away from the car, we do not need these measurements to conclude that the car was not within the area of their immediate control. Thus, the search of the car was too remote in both place and time to be justified as a search-incident-to-arrest. See also Patrick v. State, 603 So.2d 640 (Fla. 2d DCA 1992) (arrest of defendant for urinating in street behind car did not justify warrantless search of car's interior in absence of evidence that defendant was recent occupant of car at time of arrest); State v. Howard, 538 So.2d 1279 (Fla. 5th DCA 1989) (where arrestee had exited and locked car before he was approached by officer and then arrested, court held search of car was not incident to arrest).
The state also argues that the officers had probable cause to believe that the car contained contraband because they knew that the co-defendants were arriving at the motel for a controlled drug transaction and witnessed their arrival in the vehicle. The state further argues that the mobility of the car justified the warrantless search. It is true that the police may make a warrantless search of a vehicle if there is probable cause *805 to believe it contains evidence of a crime and it is likely that, due to exigent circumstances, the vehicle will be unavailable by the time a warrant is obtained. See Carroll, 267 U.S. 132, 45 S.Ct. at 280. However, we do not believe that the officers had probable cause to search the vehicle. There were no facts presented to support a belief that there would be additional drugs in the car, and we decline to adopt a presumption that anyone who drives to a location to make a drug sale leaves additional drugs in the vehicle. Because we conclude there was no probable cause to believe that the car contained contraband, we need not address whether there were exigent circumstances to justify a warrantless search.
Accordingly, the motion to suppress should have been granted. The case is reversed and remanded with instructions to discharge the defendant.
PARKER, A.C.J., and BLUE and FULMER, JJ., concur.
NOTES
[1] If the search of the car was proper under either exception, then the search of Union's purse was also proper. See State v. Moore, 619 So.2d 376 (Fla. 2d DCA 1993) (after arrest of car's driver, police had the right to search passenger's purse found on front floorboard); United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (the scope of the search under the Carroll exception includes every part of the automobile and its contents in which contraband or other evidence of a crime might be expected to be found.)