711 So.2d 1241 (1998)
STATE of Florida, Appellant,
v.
Robert A. THOMAS, Appellee.
No. 97-03576.
District Court of Appeal of Florida, Second District.
May 15, 1998.
*1242 Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellee.
PARKER, Chief Judge.
The State appeals the final order granting Robert A. Thomas's motion to suppress methamphetamine and drug paraphernalia obtained as a result of a search of Thomas's car incident to an arrest on an outstanding warrant. We reverse based upon New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
The following evidence was adduced at the hearing on the motion to suppress. Detective Maney was sent to the residence of Mr. and Mrs. Crall on information that marijuana was being sold from the residence. Maney knocked on the door, talked to the owners of the residence, and obtained consent to search the residence. Upon arrival, Maney had no intent to make an arrest. After Maney located marijuana inside the residence, the narcotics detectives arrived.
While the detectives were still in the residence, Maney sat outside the residence in his patrol car. Maney observed Thomas drive up to the house, park his car in the driveway, and get out. As Thomas walked toward the rear of the car, Maney got out of his vehicle and met Thomas at the rear of Thomas's car. Maney asked Thomas his name and whether he had a driver's license. Maney made the request because Thomas was in the driveway of a residence where arrests were being made for narcotic offenses. At that time, Maney had no idea that there were narcotics in Thomas's car.
A check of Thomas's driver's license reflected an outstanding warrant. Maney arrested Thomas and took him inside the Crall residence. Maney then went back outside and searched the car incident to Thomas's arrest. As soon as Maney opened the driver's door of the car, he found a baggie with some type of white residue. Maney also found three small bags of a white substance in the glove box. All of the baggies tested positive for methamphetamine. Five minutes elapsed between the time that Thomas exited his car until Maney searched the car.
*1243 Following a hearing, the trial court granted the motion to suppress based on State v. Howard, 538 So.2d 1279 (Fla. 5th DCA 1989). The trial court concluded that where an individual has exited a vehicle and subsequently is arrested on an outstanding warrant, a search of the vehicle is unlawful. We conclude that this finding was error.
The law is well settled that when a law enforcement officer has made a lawful custodial arrest of the occupant of an automobile that an officer may, incident to the arrest, search the passenger compartment of that vehicle. See Belton, 453 U.S. at 460, 101 S.Ct. 2860. This court consistently has applied the rule contained in Belton recognizing that a court may not determine on a case-by-case basis whether the interior of an automobile is within the scope of a search incident to an arrest. See Chapas v. State, 404 So.2d 1102 (Fla. 2d DCA 1981); see also State v. Smith, 662 So.2d 725 (Fla. 2d DCA 1995).
There does not have to be a nexus between the arrest of the occupant of a vehicle and the subsequent search of that vehicle. Moreover, a defendant does not have to be in the vehicle at the time of the arrest and subsequent search in order for the search to be valid under Belton. See State v. McLendon, 490 So.2d 1308, 1309 (Fla. 1st DCA 1986) (court will not "distinguish between arrests of persons in the car from arrests of persons recently vacating the car...."). As noted by the court in State v. Johnson, 696 So.2d 880 (Fla. 5th DCA 1997), the occupant of a vehicle cannot avoid the consequence of the Belton rule merely by stepping outside the automobile as officers approach. The circumstances in this case clearly fall within the Belton rule.
In this case, the trial court relied on Howard, 538 So.2d 1279. In Howard, the police officer knew that there was an outstanding warrant for the defendant and followed the defendant's vehicle. The defendant stopped at a convenience store and exited his vehicle. At that time, he saw the officer and immediately placed the pouch that he was carrying back into his vehicle and locked the vehicle. The police officer approached the defendant and placed him under arrest. The officer refused to let the defendant's brother, who had just arrived, take the defendant's car keys. A search of the defendant's vehicle revealed contraband. The Fifth District Court, citing State v. Bennett, 516 So.2d 964 (Fla. 5th DCA 1987), concluded that the search of the defendant's vehicle was not a search incident to a valid arrest. See Howard, 538 So.2d at 1280.
The trial court's reliance on Howard is misplaced. In a more recent Fifth District Court decision, State v. Saufley, 574 So.2d 1207 (Fla. 5th DCA 1991), the Fifth District upheld the search of a vehicle incident to an arrest. The defendant was observed driving in an erratic manner. After the defendant stopped and exited the vehicle, he appeared to have difficulty maintaining his balance and exuded the strong smell of alcohol. The defendant was arrested for driving under the influence. When the officer placed him in the patrol car, the defendant's girlfriend accosted the officer. Two or three minutes elapsed before the officer finally was able to search the vehicle at which time he found cannabis. See id. at 1209.
The defendant argued that because he was arrested after he was outside the vehicle, the search was not incident to the arrest. The Fifth District Court disagreed, applying Belton. See id. Furthermore, the court noted that the defendant's reliance on Bennett was misplaced because the court had held in Bennett that an arrest which was a pretext to carrying out a preplanned, warrantless search of a vehicle could not validate the subsequent search. See id.
We can think of few incidents where a driver will not be out of the vehicle when an arrest is made. Therefore, as long as the arrest is not under a preplanned pretext to conduct a warrantless search of the driver, we conclude that the bright line test in Belton applies. Thomas's arrest was not a pretext to carry out a preplanned warrantless search of his vehicle. The officer did not follow Thomas to the Crall residence because the officer knew of an outstanding warrant for his arrest, nor was Thomas under surveillance which provided the officer with an opportune time to effect his arrest.
*1244 Accordingly, the trial court erred in suppressing the evidence obtained during a lawful search incident to an arrest. The order is reversed.
CAMPBELL and QUINCE, JJ., concur.