744 So.2d 598 (1999)
STATE of Florida, Appellant,
v.
Serod A. BROOKS, Appellee.
No. 99-00287.
District Court of Appeal of Florida, Second District.
November 24, 1999.
*599 Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
No appearance for Appellee.
PER CURIAM.
The State appeals an order of the trial court granting the appellee's motion to suppress a .32 caliber revolver found under the driver's seat of his vehicle during a search after his arrest on an outstanding warrant. Because the search of the vehicle was lawful as incident to the appellee's arrest, we reverse the order granting suppression and remand for further proceedings.
Testimony presented at the suppression hearing revealed that a police officer stopped a vehicle driven by the appellee after observing that the vehicle had an expired tag. The officer ran a check of the appellee's driver's license and found an outstanding warrant for his arrest. The officer had the appellee step out of the vehicle. He placed the appellee under arrest, handcuffed him, and placed him in the police cruiser. The officer then searched the appellee's vehicle and found the handgun under the driver's seat. The appellee asked if his brother could be called to come get the vehicle in order to save the impound fee. The brother was called and arrived at the scene. The appellee was charged with carrying a concealed firearm.
At the suppression hearing, the appellee argued that, because he had been handcuffed and placed in the back of the cruiser and the door to his vehicle had been closed, there was no valid reason for the officer to search the vehicle incident to arrest. This case is controlled by New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), wherein the Supreme Court held that when a police officer has made a lawful custodial arrest of an automobile occupant, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. See 453 U.S. at 460, 101 S.Ct. 2860. The Court, quoting United States v. Robinson, 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), reasoned that "`[a] *600 custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification.'" 453 U.S. at 461, 101 S.Ct. 2860.
This court has interpreted Belton as foreclosing a case-by-case determination of whether the interior of an automobile is within the scope of a search incident to arrest and establishing a rule applicable to all cases involving the arrest of a recent occupant of an automobile. See, e.g., Chapas v. State, 404 So.2d 1102 (Fla. 2d DCA 1981); State v. Smith, 662 So.2d 725 (Fla. 2d DCA 1995). A defendant does not have to be in the vehicle at the time of the arrest and search for the search to be valid under Belton. See Thomas v. State, 24 Fla. L. Weekly S478, ___ So.2d ___, 1999 WL 820572 (Fla. Oct. 14, 1999); State v. McLendon, 490 So.2d 1308 (Fla. 1st DCA 1986).
In the instant case, the trial court relied on State v. Howard, 538 So.2d 1279 (Fla. 5th DCA 1989) in finding that there was no valid need to search the appellee's vehicle as an incident to arrest. In that case, an officer observed Howard, whom he knew to have an outstanding arrest warrant, drive his vehicle to a convenience store and exit the vehicle with a pouch in his hand. When Howard saw the officer, he put the pouch back into the vehicle, locked it, and put the key in his pocket. Id. at 1280. The officer arrested Howard on the outstanding warrant. Howard's brother arrived at the scene, and Howard told him to take the keys, saying "[d]on't let them search my car." The officer took the keys, searched the vehicle, and found contraband. The trial court suppressed the contraband evidence, and the Fifth District affirmed, holding that there was no valid need or reason to search Howard's vehicle as an incident to his valid arrest. Id.
In considering Howard, the supreme court in Thomas held that a distinction must be drawn between cases, such as the instant case, where a defendant exits a vehicle due to the presence or upon the direction of a law enforcement officer and cases, such as Howard, where an individual voluntarily exits his car without provocation from an officer or knowledge of his presence. See Thomas, 24 Fla. L. Weekly S478, ___ So.2d ___, 1999 WL 820572. Applying that distinction, it is clear that the search in this case was justified under Belton. The appellee was driving his vehicle when he was stopped by the officer, and he exited the vehicle upon the officer's request. The search of the passenger compartment followed his valid arrest. The fact that the appellee was seated in the police cruiser at the time of the search and that his brother retrieved the vehicle to save the impound fee does not change this result. We therefore reverse the order granting suppression and remand for further proceedings.
Reversed and remanded.
PATTERSON, C.J., THREADGILL and DAVIS, JJ., Concur.