ALTENBERND, Acting Chief Judge.
Emmanuel Kavallierakis appeals his judgments and sentences for possession of methylenedioxymethamphetamine (MDMA) and habitually driving with a revoked license, two third-degree felonies. Following the denial of his motion to suppress, Mr. Kavallierakis pleaded nolo con-tendere and reserved his right to appeal the dispositive suppression issue. Based on the supreme court’s decision in Thomas v. State, 761 So.2d 1010 (Fla.1999), we reverse the judgment for possession of MDMA. On remand, Mr. Kavallierakis is entitled to a judgment of acquittal on that charge. Aso, because the acquittal may affect the sentence imposed for driving with a revoked license, we reverse the sentence for that offense and remand for resentencing.
On October 23, 1999, at approximately 10 p.m., a police officer from the Largo Police Department was dispatched to Mr. Kavallierakis’s residence. He was sent to that location to respond to a complaint of a loud party. Upon arriving at the address, the officer knocked on the door and spoke to Mr. Kavallierakis’s brother. The officer determined that the party was over and no disturbance existed.
One month earlier, the officer had arrested Mr. Kavallierakis for the offense of driving with a suspended license. After speaking to Mr. Kavallierakis’s brother, the officer asked whether Mr. Kavallierak-is lived there and whether he was at home. Mr. Kavallierakis’s brother told the officer that Mr. Kavallierakis was at work and would return at about 4 a.m. The officer then left the residence.
The officer checked with his communications cehter and confirmed that Mr. Kaval-lierakis’s driver’s license was revoked. At approximately 3:15 a.m., the officer parked his vehicle across the street from the Ka-vallierakis residence. A short time later, he witnessed a car backing into the driveway. The officer then pulled his patrol car up to the front of the house without turning on his overhead lights or sirens. He exited his vehicle and began to walk toward Mr. Kavallierakis.
The officer stated that he “greeted” Mr. Kavallierakis as he was exiting his vehicle. He asked him how he was doing, made *1203 conversation, and asked him whether he could speak with him a moment. The two men walked toward each other and met in the middle of the driveway. After confirming Mr. Kavallierakis’s identity, the officer arrested him for driving with a revoked license. Mr. Kavallierakis was put into the patrol car. After calling for a backup officer, the officer searched Mr. Kavallierakis’s automobile. He found a crumpled napkin in the ashtray that contained about a dozen pills of the controlled substance MDMA.
Mr. Kavallierakis filed a motion to suppress the controlled substance, and the trial court judge denied the motion. At the time the trial court denied Mr. Kaval-lierakis’s motion to suppress, the supreme court had already issued its decision in Thomas, but the decision was not yet final. The trial court concluded that it should follow this court’s decision in State v. Thomas, 711 So.2d 1241 (Fla. 2d DCA 1998), which the supreme court was in the process of reversing. While we appreciate the trial court’s vote óf confidence, it was misplaced.
In Thomas, the supreme court held that the police are authorized to search a car incident to arrest under a Belton[1] analysis only if “the law enforcement officer initiates contact with the defendant, either by-actually confronting the defendant or by signaling confrontation with the defendant” while the defendant is still in the car. Thomas, 761 So.2d at 1014. Absent such a confrontation, the police can search the vehicle only under a case-by-case analysis of the factors set out in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). This generally means that the search is permissible only to preserve evidence or protect the officer’s safety-
Preservation of evidence and protection of officer safety were not issues in this case, and the facts did not justify a search of Mr. Kavallierakis’s vehicle under a Chimel analysis.. Consequently, the State had the burden to establish that the police officer initiated contact with Mr. Kavallierakis while he was still in the car. We conclude that Thomas requires proof that the' police contact is confrontational in nature. In this case, at best, the State presented evidence that the officer greeted Mr. Kavallierakis in a friendly manner while he was exiting the car or moments thereafter. Because the State failed to prove the necessary confrontational contact, we must reverse the trial court. See Raffield v. State, 351 So.2d 945, 946 (Fla. 1977) (holding State bears -burden of showing that warrantless search comes within exception to warrant requirement).[2]
Accordingly, we reverse the judgment for possession of MDMA and remand for entry of a judgment of acquittal on that charge. We affirm the judgment for driving with a revoked license but remand for resentencing in light of the acquittal.
*1204 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
SALCINES and SILBERMAN, JJ., Concur.

. New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) (holding that police may search passenger, compartment of automobile incident to a valid custodial arrest of automobile occupant).

. We note that. Thomas v. State, 761 So.2d 1010 (Fla. 1999), was accepted for review by the United States Supreme Court. See Florida v. Thomas, 531 U.S. 1069, 121 S.Ct. 755, 148 L.Ed.2d 659 (2001). We deferred ruling on this case while Thomas was pending in the United States Supreme Court. After the Supreme Court heard oral argument, however, it dismissed the proceeding, apparently because the Fourth Amendment issue was not necessarily dispositive of the case. See Florida v. Thomas, -U.S.-, 121 S.Ct. 1905, 150 L.Ed.2d 1 (2001). In this case, the Thomas issue- is dispositive because our opinion requires a judgment of acquittal.