807 So.2d 806 (2002)
STATE of Florida, Appellant,
v.
Maria DEFERANCE, Appellee.
No. 4D00-4663.
District Court of Appeal of Florida, Fourth District.
February 27, 2002.
*807 Robert A. Butterworth, Attorney General, Tallahassee, and Andrea D. England, Assistant Attorney General, Fort Lauderdale, for appellant.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellee.
STEVENSON, J.
Maria Deferance, a passenger in a vehicle stopped for a traffic infraction, was charged with possession of cocaine after the police found cocaine in the car and, subsequently, on her person. Deferance filed a motion to suppress the physical evidence obtained and an incriminating statement she made at the scene. The trial court granted the motion to suppress, and the State appeals. We reverse and remand for additional findings.
The trial court granted the motion to suppress on the ground that the police, after arresting the driver, had no right to search the vehicle. Deferance correctly concedes on appeal that the trial judge erred in concluding that the officers did not have the right to search the stopped vehicle after the driver's arrest. See New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); State v. Brooks, 744 So.2d 598, 600 (Fla. 2d DCA 1999)(finding that the search of defendant's vehicle was justified under Belton after he was stopped for having an expired tag and then validly arrested based on an outstanding warrant for his arrest). Despite this concession of error, Deferance urges this court to conclude that the search was otherwise illegal, and that the trial judge was simply right for the wrong reason. The State, however, invites this court to review the evidence and find that the search was proper.
We are unable to properly determine the legality of the search on the record as it presently exists. Because the trial judge ruled that the initial search of the vehicle was improper, the trial judge did not make factual findings on other issues critical to the validity of the search. As our supreme court noted in State v. Glatzmayer, 789 So.2d 297 (Fla.2001):
Suppression issues are extraordinarily rich in diversity and run the gamut from (1) pure questions of fact, to (2) mixed questions of law and fact, to (3) pure questions of law. Reviewing courts must exercise care when examining such issues, for while the issues themselves may be posed in broad legal terms (e.g., whether a suspect was "in custody," whether conduct by police constituted "interrogation"), the actual ruling is often discrete and factual (e.g., whether *808 police did in fact tell a suspect he was free to go, whether police did in fact ask a suspect if he committed the crime). Appellate courts cannot use their review powers in such cases as a mechanism for reevaluating conflicting testimony and exerting covert control over the factual findings.
Id. at 301 (footnotes omitted).
Here, in the face of conflicting evidence at the suppression hearing, both the State and Deferance ask this court to determine whether Deferance's temporary detention was lawful, whether probable cause arose to arrest her based solely on the drugs found in the car, whether she waived her Miranda rights, and at what point the actual "arrest" occurred. These issues, at the very least, present mixed questions of law and fact and should be addressed, in the first instance, by the trial judge.
Accordingly, we must remand to the trial court for additional factual findings. The trial court, in its discretion, may allow additional testimony or make the factual findings based solely on the existing record.
REVERSED and REMANDED.
POLEN, C.J., and STONE, J., concur.