862 So.2d 833 (2003)
Gertrudes JAIMES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5265.
District Court of Appeal of Florida, Second District.
December 10, 2003.
*835 Paul S. Carr, Ruskin, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Gertrudes Jaimes was charged with possession of cocaine and trafficking in cocaine. After the trial court denied his legally dispositive motion to suppress evidence seized from his vehicle and his home, Jaimes pleaded no contest to the charges while reserving his right to appeal. Because the trial court erred in denying the motion to suppress, we reverse.
On September 6, 2001, law enforcement allegedly learned from a confidential informant ("C.I.") that Jaimes was at the Eastside Lounge selling cocaine. Based on this tip, they went to the Eastside Lounge to execute outstanding warrants for Jaimes' arrest. Once there, the officers saw Jaimes get out of his vehicle, get into a truck occupied by another man, and then thirty seconds later get out of that truck and meet with a female. After observing this activity, the officers approached Jaimes, told him about the warrants, and arrested him. They read his Miranda[1] rights, searched him, found his keys, and asked him to identify his vehicle.
When Jaimes refused to identify his vehicle, the officers first attempted to open the vehicles they had seen him exiting, with no success. The officers next used the keys to attempt to open random vehicles in the parking lot, hoping to find a match. Meanwhile, one of the officers telephoned Jaimes' wife and told her Jaimes had been in an accident to induce her to identify the correct vehicle. Her description of the vehicle matched the first vehicle Jaimes had exited, so the officers tried the keys again, and this time, they were able to open the vehicle. Over Jaimes' objection, the officers searched the vehicle and found sixteen grams of cocaine in a shoe on the floorboard.
During this time, backup police units arrived, and the officers handcuffed Jaimes and placed him in the back of a cruiser. However, rather than immediately *836 taking Jaimes to jail for booking on this charge or the warrants' execution, the officers took him to his home where they found fifty-nine grams of cocaine, a metric scale, and approximately $1500 in cash.
Jaimes moved to suppress all evidence obtained as a result of the vehicle search and the search of his home. The trial court denied this motion. Jaimes pleaded no contest to the charges while reserving his right to appeal the denial of his motion to suppress, and this appeal followed.
Absent a search warrant, there are three valid means by which law enforcement may search a vehicle: (1) incident to a valid arrest of a recent occupant of the vehicle; (2) under the "automobile exception" to the warrant requirement, which requires exigent circumstances coupled with probable cause, Union v. State, 660 So.2d 803 (Fla. 2d DCA 1995); Walker v. State, 636 So.2d 583 (Fla. 2d DCA 1994); and (3) when a vehicle has been impounded, as part of a reasonable inventory search following standardized procedure, Patty v. State, 768 So.2d 1126 (Fla. 2d DCA 2000). In this case, because law enforcement failed to obtain a warrant to search Jaimes' vehicle, we focus on whether the search was incident to Jaimes' arrest, whether it met the requirements of the automobile exception, or whether it constituted a valid inventory search.
The State first argues that the search of Jaimes' vehicle was a valid search incident to arrest because Jaimes was near the vehicle he occupied when the officers arrested him. At the suppression hearing, the State relied on State v. Thomas, 711 So.2d 1241 (Fla. 2d DCA 1998), for the proposition that a search incident to arrest does not require a nexus between the arrest of the vehicle occupant and the search. However, the Florida Supreme Court quashed that decision in Thomas v. State, 761 So.2d 1010 (Fla.1999). Because the trial court accepted the State's position, it appears that the trial court did not consider the other exceptions to the warrant requirement, which the State addresses for the first time on appeal.
The State incorrectly argues that no nexus was required between Jaimes' arrest and the search of his vehicle. While a police officer may search a vehicle incident to the contemporaneous arrest of its occupant, New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), when the occupant has voluntarily exited the vehicle before the officer initiates contact with him, the Belton rule no longer applies, Thomas, 761 So.2d at 1011. Under these circumstances, to be a valid search incident to a lawful arrest, the search instead must meet the requirements of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Thomas, 761 So.2d at 1011. Under Chimel, law enforcement may search a vehicle incident to an arrest only if necessary for officer safety or for evidence preservation. Chimel, 395 U.S. at 763, 89 S.Ct. 2034; Thomas, 761 So.2d at 1012.
In this case, the Belton rule does not apply because Jaimes had voluntarily exited his vehicle long before the officers initiated any contact with him. In fact, the officers watched him enter and exit two vehicles and begin talking to a woman before they approached him. Therefore, Jaimes unarguably exited the vehicle not because the officers initiated contact with him but of his own free will. See Thomas, 761 So.2d at 1011 (noting the distinction between arrests initiated by conduct of officer and those when defendant "voluntarily exits his car without provocation from law enforcement personnel and without knowledge of their presence"). Consequently, for the search of Jaimes' car to be a valid search incident to arrest, the Chimel *837 requirements of concern for officer safety and evidence preservation had to exist.
At the suppression hearing, however, the State provided no evidence that officer safety was a concern. Moreover, evidence preservation was not a legitimate concern because the officers had control over Jaimes' vehicle from the moment they arrested him. When the officers arrested Jaimes, they immediately handcuffed him and searched him. In this search, they obtained the keys to his vehicle. Even if the officers were uncertain which vehicle belonged to Jaimes, they could be certain that if his vehicle was indeed in the parking lot, they had its keys. The officers maintained control over the keys and therefore, ipso facto, the vehicle.
The State does not suggest that anyone else had keys to Jaimes' vehicle, nor was there any evidence to this effect. The State's only suggestion that evidence preservation was an issue is that the group that frequented the Eastside Lounge was "close knit" and that the officers were afraid the drugs inside the vehicle would "disappear." The State did not, however, indicate whether Jaimes was part of this "close knit" group, nor did it provide any evidence that any member of this "close knit" group was in the parking lot or inside the Eastside Lounge at the time of Jaimes' arrest. Moreover, the number of officers present and the fact that the officers had the keys in their possession while Jaimes was handcuffed and under arrest invalidate any concerns about the vehicle contents disappearing. Therefore, concern for evidence preservation under these circumstances was lacking. Because the Belton rule does not apply and the State did not establish the requirements for admissibility under Chimel, the vehicle search was not valid as a search incident to an arrest.
In addition to a search incident to arrest, a warrantless search of a vehicle may be conducted if probable cause to search the vehicle exists and exigent circumstances justify its immediate search. Union, 660 So.2d at 805 (citing Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)). For the reasons set forth above, exigent circumstances were lacking. Moreover, the officers lacked probable cause to believe that Jaimes was committing, or recently had committed, a new crime.
Based on investigations from five months before the arrest, the officers knew Jaimes dealt drugs from his truck, and prior to his arrest, they saw him getting out of his truck and into and out of another truck. However, the officers did not observe Jaimes dealing drugs. Although there was some testimony that a C.I. had advised the officers that Jaimes was selling cocaine at the Eastside Lounge on that particular night, no evidence was adduced as to this C.I.'s veracity.
To determine whether information from a C.I. gives rise to probable cause, a court must look at the totality of the circumstances. The court must measure the C.I.'s veracity as well as the basis of the C.I.'s knowledge. Veracity can be established by proof that the C.I. has provided reliable information in the past or has provided detailed and verifiable information on the occasion in question.
Mitchell v. State, 787 So.2d 224, 226-27 (Fla. 2d DCA 2001) (citations omitted). Because there was no factual basis presented below to establish the C.I.'s reliability, the C.I.'s information alone could not create probable cause. Moreover, the officers' observations prior to executing the warrant did not establish probable cause. Because the State established neither probable cause nor exigency, the vehicle *838 search was not valid under the automobile exception to the warrant requirement.
Finally, the State contends that the search was a valid inventory search. Evidence seized from a vehicle pursuant to a valid inventory search following standardized procedure may be admissible. Patty, 768 So.2d 1126. The State argues that because the police report indicates an inventory search was conducted, the search meets the requirements of an inventory search. However, at the evidentiary hearing, the officers admitted the car was not inventoried because it had not been impounded. Moreover, there was absolutely no evidence presented that a standardized procedure was followed. Thus, we reject the State's syllogistic argument that because the police report called it an inventory search, it was an inventory search. Simply put, the facts speak otherwise.
Because the search of Jaimes' vehicle was not valid under any exception to the warrant requirement, the search was illegal and the evidence seized should have been suppressed. As the State properly concedes,[2] the validity of the search of Jaimes' home after the vehicle search depended upon the validity of the vehicle search. Thus, because the search of the vehicle was invalid, so too was the search of Jaimes' house. Therefore, the trial court also erred in denying Jaimes' motion to suppress the evidence seized during the search of his home. Because that motion was dispositive, we reverse and remand for discharge.
Reversed and remanded.
SALCINES and DAVIS, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] At the evidentiary hearing, the court indicated the validity of the vehicle search was "the whole trigger. If that falls, then the whole case falls." The State replied, "Right, Your Honor." Moreover, on appeal the State has not pursued any argument in support of the search of Jaimes' home. See Winter Haven Citrus Growers Ass'n v. Campbell & Sons Fruit Co., 773 So.2d 96 (Fla. 2d DCA 2000) (refusing, on motion for rehearing, to consider arguments not addressed by either party on appeal); Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983) ("When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy.").