WHATLEY, Judge.
The State of Florida appeals an order granting Jesse Soloman’s motion to suppress statements Soloman gave to police. The trial court suppressed the statements after finding that Soloman was not given adequate Miranda[1] warnings; specifically, the trial court found that Soloman was not informed that he had the right to the presence of an attorney during questioning. Although we agree that the Miranda warnings given to Soloman were inadequate based on State v. Powell, 998 So.2d 581 (Fla.2008), the record indicates that the trial court never addressed whether Soloman was in custody when he made the statements. We therefore reverse the order of suppression and remand for further proceedings.
The Miranda warnings given to Soloman were identical to the warnings at issue in Powell. In Powell, 998 So.2d at 542, the Florida Supreme Court held that the warnings did not clearly inform Powell of his right to the presence of counsel during the custodial interrogation and that “to advise a suspect that he has the right ‘to talk to a lawyer before answering any of our questions’ constitutes a narrower and less functional warning than that required by Miranda.” Therefore, based on Powell, the Miranda warnings given to Soloman did not adequately inform him of his right to the presence of counsel during custodial interrogation.
However, even if the Miranda warnings were insufficient, Solomaris statements to detectives are admissible if Soloman was not subject to custodial interrogation when he made the statements. “The Supreme Court defined ‘custodial interrogation’ as ‘questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.’ ” Meredith v. State, 964 So.2d 247, 250 (Fla. 4th DCA 2007) (quoting Miranda, 384 U.S. at 444, 86 S.Ct. 1602). “A person is in custody if a reasonable person placed in the same position would believe that his or her freedom of action was curtailed to a degree associated with actual arrest.” Ramirez v. State, 739 So.2d 568, 573 (Fla.1999); see also California v. Beheler, 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983); Kee v. State, 504 So.2d 1365 (Fla. 1st DCA 1987).
This issue involves mixed questions of fact and law and should be first addressed by the trial court. State v. Deferance, 807 So.2d 806, 808 (Fla. 4th DCA 2002); see Wright v. State, 766 So.2d 467 (Fla. 1st *662 DCA 2000) (where trial court failed to address whether appellant withdrew his consent to search, the case was reversed and remanded for trial court to conduct new hearing on the issue); Simpson v. State, 562 So.2d 742 (Fla. 1st DCA 1990) (concluding that, where it was uncertain from the record what trial court intended in its ruling on voluntary nature of appellant’s confession, the case had to be reversed and remanded for either a written order stating its conclusion or a new hearing on appellant’s motion).
Accordingly, we reverse the suppression order and remand for further proceedings in which the trial court must determine whether Soloman was subject to custodial interrogation when he made the statements at issue.
Reversed and remanded with instructions.
ALTENBERND and KELLY, JJ., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).