35 So.3d 1006 (2010)
The STATE of Florida, Appellant,
v.
E.A., a juvenile, Appellee.
No. 3D08-3109.
District Court of Appeal of Florida, Third District.
May 26, 2010.
Bill McCollum, Attorney General, and Ansley B. Peacock, Assistant Attorney General, for appellant.
Carlos J. Martinez, Public Defender, and Gwendolyn Powell Braswell and Harvey Sepler, Assistant Public Defenders, for appellee.
Before COPE, SUAREZ, and SALTER, JJ.
SUAREZ, J.
The State appeals an order granting juvenile E.A.'s motion to suppress. We reverse and remand for the trial judge to *1007 enter adequate findings of fact determining the credibility of testimony on the issue of whether or not a seizure within the Fourth Amendment had occurred to implicate a finding on probable cause.
At the motion to suppress hearing, on December 27, 2007, a Miami-Dade police officer testified that he approached the car in which E.A. was a passenger because the vehicle was blocking the entrance to the driveway to a residence. As the officer approached the vehicle, he smelled the odor of burnt marijuana emanating from the car. He shined his flashlight through the open window and saw E.A. holding a bag of suspect marijuana between his legs. The officer removed E.A. from the car and placed him under arrest. E.A. testified that his car was parked next to an abandoned residence. He stated he was across the street from the car when he first saw a police officer. He crossed back to his car and, as he was getting into the car, the officer came out of the bushes, approached E.A. with his gun drawn and ordered him out of the vehicle. E.A. consented to a search of his person and contends that the officer found nothing. The trial court granted the motion to suppress solely upon the finding that E.A. did not commit a parking violation or law violation and, therefore, there was no reasonable suspicion for the stop.
On appeal, both the defense and the State agree that, in fact, the police officer's initial approach to the vehicle was lawful. The State asserts error in the trial court's failure to include in its written order credibility findings resolving the conflict in testimony between E.A. and the police officer. The factual resolution on credibility is necessary in order to determine whether or not there was a Fourth Amendment seizure before addressing probable cause for the seizure of the marijuana and ensuing arrest of E.A. See State v. Deferance, 807 So.2d 806 (Fla. 4th DCA 2002); State v. Polanco, 658 So.2d 1123 (Fla. 3d DCA 1995). The defense asserts the trial court's order should be affirmed arguing that the State failed to preserve the issue for appeal by failing to get a factual ruling from the trial court. We reject the defense's argument. A review of the record shows that, because the trial judge first ruled, incorrectly, that there was no reasonable suspicion to uphold the stop, he granted the motion to suppress without ever addressing the issue of probable cause for the arrest. The State was left with no opportunity to object to the failure of the trial court to resolve the conflict in testimony on the issue of whether or not a Fourth Amendment seizure had occurred.
We reverse the order granting the motion to suppress and remand for the trial judge to resolve the conflict in testimony relating to whether there was a seizure under the Fourth Amendment as it relates to probable cause for the arrest of E.A. and for a written order containing the findings.
Reversed and remanded with directions.