FRANK, Judge.
Timothy Averette was charged with possession of a firearm by a convicted felon in violation of section 790.23, Florida Statutes. The trial court granted Averette’s motion to suppress the firearm that gave rise to the charges against him. The state appealed and we reverse.
The record reveals that Averette’s car was stopped by a police officer who knew, from a prior investigation, of the existence of an outstanding warrant for Averette’s arrest stemming from an animal control ordinance violation. After the stop the officer immediately confirmed the existence of the warrant and arrested Averette. We perceive no constitutional infirmity in either the stop or the arrest.
Prior to transporting Averette to the police station, the officer, who also knew that Averette had previously been in possession of a firearm, began searching Averette’s car. Immediately upon leaning into the driver’s side of the car he observed the butt of a handgun protruding from under the driver’s seat. The officer seized the gun, and Averette subsequently moved to suppress the evidence, contending that a war-rantless search was conducted without probable cause. The trial judge granted Averette’s motion on the basis that there was no necessity for an inventory search of the vehicle.
As we have noted above, the initial stop and arrest were valid. The subsequent search of the automobile was also constitutional upon the authority of New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775 (1981): “[WJhen a policeman has' made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.”
Accordingly, because there appears to have been no proper foundation for suppression of the gun seized from Averette’s car, we reverse the trial court’s order granting his motion to suppress and remand this case for further proceedings.
SCHEB, A.C.J., and SCHOONOVER, J., concur.