779 So.2d 289 (1998)
Robin L. VANDIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02669.
District Court of Appeal of Florida, Second District.
November 20, 1998.
*290 James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Judge.
Appellant challenges the denial of her motion to suppress and the imposition of certain costs. The trial court found that the officers had probable cause to stop appellant based on a confidential informant's tip. We agree with the trial court and affirm appellant's convictions. However, since the State concedes error as to the imposition of certain costs, we remand to allow the court to strike those costs.
On August 20, 1996, Lakeland Police Officer Wilson received information from a reliable confidential informant that a white female named Robin, who lived at a certain residence on Sumner Drive in K-Ville, was currently at that residence and had drugs on her person. Officer Wilson had successfully used this confidential informant five to ten times in the past. The confidential informant also gave the officers the phone number of the residence and said that appellant drove a small, blue, fourdoor, somewhat raggedy vehicle. The officers had previously received information from other sources that Robin was distributing methamphetamine from that house.
After receiving the information, Officer Wilson and Detective Marolda traveled to the residence and, within ten to fifteen minutes, had set up surveillance of the residence. When they arrived, the officers saw only one small, blue, four-door vehicle parked on the east side of the residence. They ran the tag number and discovered that the vehicle was registered to appellant, Robin Vandiver. Ten to fifteen minutes after they arrived, the officers saw the vehicle leave. They followed. Only the driver was inside the vehicle. The officers could tell that a white female was driving because they could see the driver as the car drove past them.
Once the vehicle entered Lakeland, the officers directed another patrol unit in the area to make a traffic stop of the vehicle. The vehicle drove into the Taco Bell drive-through lane, and the patrol unit made the stop. Officers Wilson and Marolda parked and walked up to the car. At that point, appellant was standing next to the car and was not free to leave. The officers told appellant that her vehicle matched the description of a vehicle they were looking for and that they had received information that she was in possession of illegal drugs. One of the officers asked her if she would mind if he looked through her purse. She said she did not have any drugs and told the officers they could go through her purse. In her purse, the officers found a baggie with cocaine residue and two grams of methamphetamine. They found marijuana on her person.
Appellant was charged with possession of methamphetamine (§ 839.13(6), Fla. Stat. (1995)), possession of cannabis *291 (§ 893.13(6), Fla. Stat. (1995)), possession of drug paraphernalia (§ 893.147(1), Fla. Stat. (1995)), and possession of cocaine (§ 893.1366, Fla. Stat. (1995)). Appellant moved to suppress, arguing that the information provided by the confidential informant was too general to provide either probable cause or reasonable suspicion to stop. The court denied the motion to suppress.
Although appellant contends that the court should have granted the motion to suppress, we cannot agree. Under the "totality of the circumstances" test announced in State v. Butler, 655 So.2d 1123 (Fla.1995), the officers had probable cause to make the stop. We are persuaded, as was the court in Butler, by the existence of the credible confidential informant, the detail of the tip, and the subsequent corroboration of the tip. See also State v. Flowers, 566 So.2d 50 (Fla. 2d DCA 1990). The officers were told that an individual named Robin, who was at a certain residence on Sumner Drive in K-Ville, had drugs on her person. The confidential informant also said that Robin drove a four-door blue vehicle that was somewhat raggedy. When the officers arrived at the residence within ten to fifteen minutes of the tip, they saw only one vehicle, a small, blue, four-door vehicle, parked on the side of the residence. When they ran the tag number, they discovered that the car was registered to appellant, Robin Vandiver. Ten to fifteen minutes later, the vehicle left, and they could see that a white female was driving. When the officers subsequently stopped the car, they discovered drugs on her person. At each step of the investigation, the officers were able to further confirm the confidential informant's story. This was sufficient corroboration to support the stop.
Next, appellant challenges the imposition of certain costs. Since the State concedes that the court failed to cite any statutory authority to support the imposition of assessed fines, the $300 in court costs must be stricken, in addition to the $300 public defender lien. See Allen v. State, 703 So.2d 1162 (Fla. 2d DCA 1997); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc).
We affirm appellant's convictions, but remand to allow the court to strike these certain costs.
PARKER, C.J., and QUINCE, J., Concur.