768 So.2d 1126 (2000)
Charles Anthony PATTY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-583.
District Court of Appeal of Florida, Second District.
August 18, 2000.
Arthur N. Eggers, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Charles Anthony Patty appeals the trial court's order denying his motion to suppress *1127 evidence police seized from an impounded vehicle. The trial court ruled that the police conducted a lawful inventory search of the vehicle's contents, resulting in a lawful seizure of cocaine discovered during the search. We reverse.
At the suppression hearing a Tampa police officer testified that he saw Patty driving a vehicle. The officer recognized Patty and, after conducting a computer inquiry, determined that he should arrest Patty because of an outstanding felony warrant. When Patty drove by the officer the second time, the officer followed in his squad car. Patty, apparently unaware that the officer was following him, stopped his vehicle at a private residence, exited the vehicle, and locked the vehicle's doors behind him.
As Patty walked away from the vehicle, the officer arrived and exited his squad car. He asked Patty to approach and requested his driver's license and vehicle registration. Patty told the officer he did not have either document. Patty explained that he had borrowed the car from someone else. The officer then placed Patty under arrest. The officer obtained computer confirmation that someone other than Patty owned the car. He then obtained the keys from Patty and gave them to a fellow officer on the scene.
The second officer unlocked the vehicle to look for the registration. After entering the vehicle, the officer saw a piece of rock cocaine on the floorboard. Further investigation revealed a black canvas bag containing 116 grams of cocaine under the front seat.
Patty moved to suppress the admission of the cocaine as evidence, alleging that the police conducted an illegal, warrantless search. The State argued that the police conducted a lawful search incident to Patty's arrest or incident to the impoundment of the vehicle. The trial court correctly ruled that the search was not incident to an arrest because the officer initiated contact only after Patty stepped out of the vehicle. See Thomas v. State, 748 So.2d 988 (Fla.2000), revised by 761 So.2d 1010 (Fla.2000). However, the trial court erred by ruling that the police conducted a lawful search incident to impounding the vehicle.
The officers justified the impoundment by noting that the car did not belong to Patty or to his passenger. Furthermore, Patty had parked the vehicle on private property, and the occupants of the home were not available to give their permission for its remaining on their property.[1] The trial court concluded that because the officers had good reasons to impound the vehicle, their search was incident to the impoundment.
Although the officers may have had good reasons to impound the vehicle, there is no evidence demonstrating that they adhered to standardized procedures when they impounded the vehicle and conducted the search. Admittedly, when police take custody of a vehicle, they may conduct a "reasonable" inventory search of that vehicle, as an exception to the warrant requirement of the Fourth Amendment. See Colorado v. Bertine, 479 U.S. 367, 371, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). However, such an impoundment and inventory search must be conducted according to standardized criteria. See id. at 374 n. 6, 107 S.Ct. 738. The Florida Supreme Court recognized that these standardized procedures, which limit police discretion in determining the scope of the inventory search, ensure that the police will not abuse this exception to the warrant requirement. See State v. Wells, 539 So.2d 464, 469 (Fla.1989). Consequently, a trial court must find that police conducted their inventory search according to standardized criteria before declaring that search valid. See generally Rodriguez v. State, 702 So.2d 259 (Fla. 3d DCA 1997). The State *1128 did not present evidence concerning such standardized criteria, and thus the trial court made no such finding. Based on the record before us, we are unable to determine whether the impoundment and search were consistent with standardized criteria of the Tampa Police Department. Since these findings are crucial to determining the validity of the inventory search, we reverse the trial court's denial of Patty's motion to suppress the cocaine, and direct the trial court to enter an order granting the motion to suppress.
Reversed and remanded.
PARKER, A.C.J., and CASANUEVA, J., Concur.
NOTES
[1] Although there is some sworn testimony that the owner of the car arrived at the scene before the police removed Patty and the car, the record does not contain sworn testimony as to the conversation between the car owner and the officers.