863 So.2d 386 (2003)
Jason BEEZLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1029.
District Court of Appeal of Florida, Second District.
December 19, 2003.
*387 Cassandra Gorton, Sarasota, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Jason Beezley appeals his convictions for possession of cannabis with intent to sell, possession of cocaine with intent to sell, and possession of a controlled substance. He pleaded no contest to the charges after the trial court denied his motion to suppress the physical evidence found in his car after it was impounded. See Fla. R.App. P. 9.140(b)(2)(A)(i). The court should have granted the motion to suppress because there was no indication that the police conducted the inventory search according to standardized criteria. Therefore, we reverse and remand with directions to discharge Beezley.
The following facts are relevant to the disposition of this appeal. Police detectives of the Sarasota County Sheriff's Department were conducting surveillance of a private residence in Venice, Florida, where they suspected a fugitive was hiding. They observed Beezley, who was not the fugitive, enter his Ford Contour that was parked in the driveway. While talking to Beezley, the officers on the scene learned that a fellow officer, who had encountered Beezley earlier that day, believed there was probable cause to arrest Beezley for obstructing the search for the fugitive. The officers arrested Beezley for that reason. The officers then decided to impound his vehicle and conduct an inventory search. They found contraband in the trunk, and Beezley was charged with the offenses that are the subject of this appeal. Beezley was not prosecuted for obstruction. According to the officers' testimony at the hearing on the motion to suppress, all of the physical evidence that Beezley sought to suppress was found during the inventory search. The officers testified that pursuant to Department policy, the decision to impound a vehicle is within an individual officer's discretion, but after the decision to impound is made, a complete inventory search must be performed.
Although Beezley challenges the legality of his arrest for obstruction, resolution of that issue is not pertinent to the outcome of this appeal. The arrest of an occupant of a vehicle permits the police to search the vehicle's interior incident to the arrest. See Thomas v. State, 761 So.2d 1010, 1013 (Fla.1999) (interpreting New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)). Circumstances that develop after the person is arrested or detained may create probable cause to justify a search of the entire vehicle, including the trunk. State v. Betz, 815 So.2d 627, 632-33 (Fla.2002). However, *388 the State does not argue that circumstances of Beezley's arrest for obstruction created probable cause justifying a search of the entire vehicle. Instead, the State describes the search revealing the contraband as a "routine inventory search" that is standard procedure whenever a vehicle is impounded. We accept that an inventory search incident to the impoundment produced the physical evidence that Beezley challenged below.
Under the circumstances of the inventory search performed in this case, our decision is controlled by Patty v. State, 768 So.2d 1126 (Fla. 2d DCA 2000). In Patty, officers observed the defendant drive a vehicle into the driveway of a private residence and exit the vehicle. They recognized the defendant, confirmed the existence of outstanding warrants for his arrest, and arrested him. Incident to the impoundment of his vehicle (not incident to the arrest), police performed an inventory search that revealed illegal drugs. Id. at 1127. This court reversed the denial of the motion to suppress the physical evidence for reasons highly pertinent to this appeal:
Although the officers may have had good reasons to impound the vehicle, there is no evidence demonstrating that they adhered to standardized procedures when they impounded the vehicle and conducted the search. Admittedly, when police take custody of a vehicle, they may conduct a "reasonable" inventory search of that vehicle, as an exception to the warrant requirement of the Fourth Amendment. See Colorado v. Bertine, 479 U.S. 367, 371, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). However, such an impoundment and inventory search must be conducted according to standardized criteria. See id. at 374 n. 6, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739. The Florida Supreme Court recognized that these standardized procedures, which limit police discretion in determining the scope of the inventory search, ensure that the police will not abuse this exception to the warrant requirement. See State v. Wells, 539 So.2d 464, 469 (Fla.1989). Consequently, a trial court must find that police conducted their inventory search according to standardized criteria before declaring that search valid. See generally Rodriguez v. State, 702 So.2d 259 (Fla. 3d DCA 1997). The State did not present evidence concerning such standardized criteria, and thus the trial court made no such finding. Based on the record before us, we are unable to determine whether the impoundment and search were consistent with standardized criteria of the Tampa Police Department.... [T]hese findings are crucial to determining the validity of the inventory search....
Patty, 768 So.2d at 1127-28.
In this case, as in Patty, we are unable to determine whether the impoundment and search were consistent with standardized criteria of the Sarasota County Sheriff's Department. The State presented no evidence of such standardized criteria, and the trial court made no findings in that regard. Therefore, the trial court erred in denying Beezley's motion to suppress the physical evidence. Because the motion was dispositive, we reverse and remand for Beezley's discharge on all three counts. Because of our decision, we decline to address the other issues raised in this appeal.
Reversed and remanded for discharge.
ALTENBERND, C.J., and SILBERMAN, J., concur.