902 So.2d 852 (2005)
William SLONE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-494.
District Court of Appeal of Florida, Fourth District.
May 4, 2005.
Rehearing Denied June 14, 2005.
*853 Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
The issue in this case is whether the police can search an arrestee's nearby car when they do not know if he had just left the vehicle. In Thomas v. State, 761 So.2d 1010 (Fla.1999), the Florida Supreme Court held that where a person arrested outside of a vehicle had not exited the vehicle at the request of law enforcement, and neither officer safety nor preservation of evidence was involved, a search violated the Fourth Amendment. Subsequently, Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), overruled Thomas, clarifying that the leaving of the vehicle does not have to be at the request of law enforcement. The search in this case was illegal under either decision, and the drugs found in appellant's car should have been suppressed.
The facts leading up to the arrest began when a detective was advised by appellant's roommate that appellant was illegally obtaining drugs at a pharmacy. The detective confirmed that appellant had illegally filled a prescription for Percocet that belonged to his roommate and that appellant drove a white Ford Explorer.
The pharmacy personnel agreed to inform detectives when appellant next left a prescription to be filled. Eight days later another detective working on the case was paged about appellant. The detective drove to the area, but did not observe appellant or the Explorer and left. In the meantime, a second detective had arrived and observed appellant ten to twelve feet from the Explorer. It was parked in a shopping center on the other side of U.S. 1, across from the pharmacy, and in front of a restaurant owned by appellant's sister. He called in the tag and confirmed that the Explorer belonged to appellant. He then approached appellant, handcuffed him, and searched him and then the Explorer. Both searches revealed illegal drugs.
When asked why he had searched the Explorer, the detective explained that he was seizing it because it had been used in the commission of the felony committed when appellant had picked up his roommate's Percocet at Walgreens. There was no evidence, however, as to whether appellant had just gotten out of the Explorer.
Appellant moved to suppress both the drugs found on his person and the drugs found in his vehicle, but his motion was denied as to both searches. He entered a plea to two counts of possession, reserving the right to appeal. We conclude that there was probable cause to search him and affirm that issue without further discussion.
As to the vehicle search, the most recent relevant opinion from the Florida Supreme Court is Thomas. There the defendant had driven up to a house in which the police were already present and got out of his vehicle. An officer who had observed him asked for his driver's license and discovered an outstanding warrant for a probation violation. The officer then searched defendant's vehicle and found drugs. Our supreme court concluded that, where the defendant had not exited his vehicle at the request of an officer, and there was no evidence that the officer's safety was in *854 danger or the preservation of evidence was in jeopardy, the vehicle search violated the Fourth Amendment. The Thomas court reached this result by construing Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), and Knowles v. Iowa, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998).
After Thomas, in Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), the Supreme Court clarified those decisions and held that it did not matter if an arrestee exited the vehicle at the request of an officer. In Thornton, an officer had been following a person driving in a suspicious manner and a check on the license tag indicated it had not been issued for that car. Before the officer had a chance to pull him over, the driver pulled into a parking lot and got out of his vehicle on his own. The officer saw this and followed him into the parking lot.
After advising the driver that his license tags did not match the vehicle, the officer observed him to be nervous, sweating, rambling in his conversation, and licking his lips. Concerned for his own safety, the officer asked if there were any narcotics or weapons on him or in the car. The driver responded in the negative, but agreed to a pat-down which revealed illegal drugs.
The officer then handcuffed him, informed him he was under arrest, and placed him in the back seat of his patrol car. He then searched petitioner's car and found a handgun which formed the basis of two convictions. The Supreme Court held that the legality of the vehicle search may hinge on the arrestee's temporal or spatial relationship to the car at the time of the arrest and search, but not on whether he is inside or outside the car at the moment the officer initiates contact.
The trial court, in the order denying this motion to suppress, made a finding of fact that the defendant was driving the white Ford Explorer when he picked up his prescription at the drive-through window of the pharmacy on the date he was arrested. Based on that finding the court went on to conclude that there was "probable cause to believe the Oxycodone may have been on Defendant's person, or in the vehicle he had occupied within thirty minutes prior to his arrest and within a few feet of where Defendant was arrested."
No one, however, had seen appellant in his vehicle just prior to the arrest. The only witnesses were the detectives, and neither was able to say that appellant had been a recent occupant when he was first observed ten to twelve feet away from the Explorer. As we noted earlier, in Thornton, the arrestee had exited his vehicle while being observed by the officer, and the Supreme Court was careful to limit its holding to "the sort of `recent occupant' of a vehicle such as petitioner was here." Thornton, 541 U.S. at 623-24, 124 S.Ct. at 2132. There was no evidence in this case from which recent occupancy sufficient to justify a vehicle search could have been found.
We reverse the denial of the motion to suppress as to the search of the Explorer, but affirm in all other respects.
SHAHOOD and TAYLOR, JJ., concur.