903 So.2d 974 (2005)
Mack Charles WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-898.
District Court of Appeal of Florida, Fourth District.
May 4, 2005.
Rehearing Denied June 30, 2005.
*975 Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his convictions for possession of cocaine with the intent to deliver, possession of drug paraphernalia, and resisting arrest without violence. The appeal focuses on an order denying the defendant's motion to suppress physical evidence on several grounds. We find no error in the trial court's ruling as it relates to the evidence seized upon the defendant's arrest, but reverse the order as it relates to the evidence seized during the subsequent inventory search of the defendant's vehicle.
Law enforcement received a tip from a confidential informant (CI) that the defendant was going to be at a specific location at a specific time possessing crack cocaine in a brown cigar tube kept in his front shirt pocket. Within one half hour of receiving this tip, law enforcement observed the defendant legally park his vehicle, exit, and walk over to another parked vehicle.
Law enforcement approached the defendant, who immediately attempted to conceal a brown object. As he did so, law enforcement grabbed his arm and an altercation ensued. As the defendant was placed under arrest, the detective noticed a brown cigar tube on the ground next to the defendant. The tube was open and several cocaine rocks were scattered on the ground.
*976 Following standard policy, the detective took the defendant's keys and impounded the defendant's vehicle. An inventory search revealed a crack cocaine pipe and digital scale. The State charged the defendant with possession of cocaine with intent to deliver, use or possession of drug paraphernalia, and resisting arrest without violence.
The defendant filed two motions to suppress. He first argued law enforcement lacked probable cause to arrest him, and second that the search of his vehicle was an unjustified inventory search. The trial court found the detective had probable cause to search the defendant based upon the corroborated tip from the CI. With regard to the inventory search, the court found the standardized policy to tow an arrestees' vehicle upon arrest is "one of the possible justifications" for a warrantless search. The court denied both motions. The defendant pled nolo contendere to the charges, reserving his right to appeal.
A trial court's decision on a motion to suppress arrives at this court with a presumption of correctness. See State v. Houston, 616 So.2d 595 (Fla. 4th DCA 1993). We review such orders de novo. See Harris v. State, 761 So.2d 1186 (Fla. 4th DCA 2000).
The first motion to suppress addressed whether law enforcement had probable cause to arrest the defendant. The defendant argues the information obtained from the CI was insufficient to establish probable cause. The defendant suggests that the tip "only consisted of innocent details easily accessible to the public and, therefore, was insufficient to justify" the defendants arrest. We disagree.
The record reveals the CI had a history of reliability, having previously provided accurate, reliable information leading to prior arrests. Surveillance of the specified location allowed law enforcement to independently verify the information. When the defendant arrived at the location, law enforcement approached him, only to observe the defendant attempt to hide a brown object that had previously been described by the CI.
Under these facts, probable cause existed for the defendant's arrest. See Vandiver v. State, 779 So.2d 289 (Fla. 2d DCA 1998). The trial court properly denied the defendant's motion to suppress the cocaine seized in the cigar tube.
The second issue involves the seizure of the crack cocaine pipe and digital scale from the defendant's vehicle. The State argues the search and seizure was justified as an inventory search, authorized by the standard policy of the St. Lucie County Sheriff's Office. The defendant argues the State failed to establish the requirements necessary to sustain an inventory search.
The Fourth Amendment to the U.S. Constitution generally prohibits warrantless searches. See U.S. CONST. amend. IV. However, courts have created well-recognized exceptions to the general prohibition. One of those is the inventory search. See State v. Jenkins, 319 So.2d 91 (Fla. 4th DCA 1975). "An inventory search serves the needs of protection of the owner's property, protection of police against claims of lost or stolen property, and protection of police against potential danger from such things as explosives." Rodriguez v. State, 702 So.2d 259, 262 (Fla. 3d DCA 1997) (citing Colorado v. Bertine, 479 U.S. 367, 372, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987)).
For an inventory search to satisfy the fourth amendment, law enforcement must conduct the search "in good faith and *977 not use the inventory search as a subterfuge to conduct a warrantless search for incriminating evidence." Caplan v. State, 531 So.2d 88, 90 (Fla.1988) (citing U.S. v. Prescott, 599 F.2d 103 (5th Cir.1979)). In addition, the impoundment and inventory of a vehicle and its contents must be performed in accordance with the governmental entity's standardized operating procedures. See Beezley v. State, 863 So.2d 386 (Fla. 2d DCA 2003).
The validity of an inventory search relies on its purpose. The court must determine whether the impoundment of the vehicle was justified, and not just a pretext to an exploratory search of a vehicle. See, e.g., United States v. Ullrich, 580 F.2d 765, 771 (5th Cir.1978). In making that determination, the court should consider the reason for the impoundment. "Standing alone, the arrest of a defendant does not justify the impoundment of his legally parked car." Robert M. Gross, Automobile Inventory Searches, LV 6 FLA. BAR J. 483, 484 (June 1981) (citing G.B. v. State, 339 So.2d 696 (Fla. 2d DCA 1976)).
Here, the defendant's vehicle was legally parked in a parking lot. No evidence was presented to suggest that it was not in danger of creating a hazard to the public or of being lost or stolen. According to the deputy, the St. Lucie County Sheriff's Office standardized policy provided for the impoundment and inventory of an arrestee's vehicle in all circumstances.[1] Specifically, he testified "[b]ecause our policy is anytime a person is arrested, if it isn't the driver or owner, . . . we will do a search of the car and then dispose of it." The detective apparently had a copy of the policy, but the State did not admit it into evidence.
The detective did not indicate the impoundment of the defendant's vehicle was necessary for one of the purposes justifying an inventory search. Instead, the policy was simply to impound all cars regardless of the circumstance. The record unfortunately fails to contain the standardized policy, which might otherwise substantiate the propriety of the policy. Consequently, the State may not rely on the inventory search exception to justify the otherwise warrantless search of the defendant's vehicle in this case.
We reverse the order on the defendant's motion to suppress as it relates to the evidence seized during the inventory search of the defendant's car, and remand the case to the trial court to vacate the conviction and sentence for the use or possession of paraphernalia.
KLEIN and GROSS, JJ., concur.
NOTES
[1] "Departmental guidelines should include: the situations when vehicles are to be impounded; the manner in which vehicles are to be impounded; the completion of inventory reports; provision for the safekeeping of valuables; the manner in which the inventory is to be conducted; the areas of the vehicle to be searched; and provisions for the safe storage of the vehicle." Id. at 486.