918 So.2d 363 (2005)
STATE of Florida, Appellant,
v.
James WALLER, Appellee.
No. 4D05-1504.
District Court of Appeal of Florida, Fourth District.
December 14, 2005.
Rehearing Denied February 6, 2006.
*364 Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellant.
Phillip Menditto of Fred Haddad, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
James Waller was charged with possession of cannabis. He filed a motion to suppress that was granted by the trial court. The State appeals. We reverse.
In his motion to suppress, Waller alleged that evidence in his case should be suppressed for six reasons: that the evidence was seized without a warrant; that the evidence was not seized incident to a lawful arrest; that the evidence was not seized incident to any valid consent; that the evidence was not in plain view; that the evidence was seized in violation of his Fourth Amendment rights and Article I, Section 12 of the Declaration of Rights of the Florida Constitution; and that he was unlawfully and pretextually seized and confronted by the police for purportedly drinking a beer while lawfully parked in a place at which he was properly present.
Broward County Sheriff's Deputy Eric Weiner testified that on the night of the incident involving Waller he was in a vehicle with fellow detectives Robert Rivera and Patrick White. They pulled into the parking lot of a gas station for no particular reason. Weiner testified that the detectives' attention was drawn to a silver Toyota pickup truck backed in and parked next to another vehicle in the lot because the occupant of the truck appeared to be just sitting in the truck. However, on cross-examination, Weiner also admitted that the detectives watched the pickup truck due to the possibility of a drug transaction. The detectives then noticed that the man sitting in the truck, Waller, appeared to be drinking a beer. The detectives approached the truck and confirmed that Waller was drinking a Coors Light. Weiner asked Waller to step out of the vehicle and explained that he was under arrest for consumption of alcohol adjacent to a licensed establishment. Weiner explained that consumption of alcohol adjacent to a licensed establishment is an ordinance violation, for which a law enforcement officer can either arrest the offender or issue a notice to appear.
Rivera testified that he conducted a patdown search of Waller after Weiner placed Waller into custody and discovered cannabis in Waller's front left pants pocket. White testified that after Waller was secured at the back of the truck, he searched the passenger compartment of the truck. White found a blue container on the front seat in which there were some burnt roaches and a bag of cannabis in the driver's side door. White also indicated that the truck was released to Waller's friend, Peretta, and not towed from the scene.
At the motion to suppress hearing, defense counsel asserted the following:
Two arguments. One, first it's pretextual based upon what the first policeman said, they were out there looking for something, they were watching two guys standing there that were looking for an *365 excuse, a non-arrestable offense. His testimony was quite clear, that they arrested him because they wanted to do a search. There's no question about what happened here, that's pretextual.
Number two, the search of the car isn't valid. They did not search it for inventory, they gave the car to another individual. There was no establishment of that so at the least, the search of the car should be suppressed. He was out of the car. He was in custody. He was away from the car. There was no talk of danger, nothing other than at that time what they found on him, a misdemeanor arrest. It was not a felony arrest at that time, it didn't become a felony until what they found in the car. So I would ask the Court to suppress at least what's in the car if not everything.
The State responded to defense counsel's argument:
State's response, your Honor, would be that whether or not Mr. Haddad believes this to be a pretextual search, what the officers saw was a crime at the time that gave them reasonable suspicion to arrest the defendant during the course of the arrest, which was a valid arrest as far as the State is concerned because it was in violation of the county ordinance, that gave him reason to search the defendant. They did search the defendant, they found marijuana then they continued to search. They searched his car because he had just been taken out of the car and they found more marijuana.
The State's position is that the entire incident was correct, was legal and that this motion to suppress should be denied.
At the conclusion of the hearing, the trial court ruled on the motion to suppress:
Well, I think the arrest was okay. The search of the person was okay, but it wasn't an inventory search to take, you know, to tow the car in. The defendant was already in custody and he wasn't anywhere near where he could get to the car to get a weapon, so that really was not search incident to arrest, that search is no good.
The trial court subsequently entered a written order granting the motion to suppress for the reasons stated on the record.
"`The standard of review applicable to a motion to suppress evidence requires that this Court defer to the trial court's factual findings but review legal conclusions de novo.'" Pantin v. State, 872 So.2d 1000, 1002 (Fla. 4th DCA 2004)(quoting Backus v. State, 864 So.2d 1158, 1159 (Fla. 4th DCA 2003)).
The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." Under Article I, Section 12 of the Florida Constitution, "[the] right [to be protected from unreasonable searches and seizures] shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution." See Niemann v. State, 819 So.2d 166, 168 (Fla. 4th DCA 2002)(quoting State v. Butler, 655 So.2d 1123, 1125 (Fla. 1995))("`[t]his Court is bound, on search and seizure issues, to follow the opinions of the United States Supreme Court regardless of whether the claim of an illegal arrest or search is predicated upon the *366 provisions of the Florida or United States Constitutions'").
Although law enforcement officers typically need a warrant to arrest an individual, an individual may be arrested without a warrant where:
The person has committed a felony or misdemeanor or violated a municipal or county ordinance in the presence of the officer. An arrest for the commission of a misdemeanor or the violation of a municipal or county ordinance shall be made immediately or in fresh pursuit.
§ 901.15(1), Fla. Stat. In the case at bar, Waller was arrested for violating an alcohol ordinance in the presence of three detectives, and the detectives arrested him immediately for the offense. Therefore, Waller was lawfully subject to arrest without a warrant.
Additionally, in the absence of a search warrant, law enforcement may search a vehicle in three circumstances:
(1) incident to a valid arrest of a recent occupant of the vehicle; (2) under the "automobile exception" to the warrant requirement, which requires exigent circumstances coupled with probable cause, Union v. State, 660 So.2d 803 (Fla. 2d DCA 1995); Walker v. State, 636 So.2d 583 (Fla. 2d DCA 1994); and (3) when a vehicle has been impounded, as part of a reasonable inventory search following standardized procedure, Patty v. State, 768 So.2d 1126 (Fla. 2d DCA 2000).
Jaimes v. State, 862 So.2d 833, 836 (Fla. 2d DCA 2003). The United States Supreme Court approved searches under the first circumstance, incident to a valid arrest of a recent occupant of the vehicle, in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981):
Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach.
Id. at 460, 101 S.Ct. 2860.
Belton was recently revisited in Thornton v. United States, 541 U.S. 615, 617, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), in which the United States Supreme Court held that Belton governs even when a defendant leaves his vehicle prior to contact with law enforcement. Id. at 2131-2132 ("In any event, while an arrestee's status as a `recent occupant' may turn on his temporal or spatial relationship to the car at the time of the arrest and search, it certainly does not turn on whether he was inside or outside the car at the moment that the officer first initiated contact.").
It bears further mentioning that although the search of a vehicle incident to a lawful arrest of a recent occupant was originally grounded in specific concerns for officer safety and the preservation of evidence, in practice courts generally have approved a vehicle search incident to a lawful arrest as a matter of course. This is likely because such a practice provides much more of a bright-line rule than requiring officers to consider, on a case-by-case basis, whether there is truly a risk to safety or evidence.[1] Thus, the fact that *367 Waller had already been placed in handcuffs, searched, and moved behind the vehicle would not prohibit an otherwise lawful search of the vehicle, much like the fact that the defendant was already searched, handcuffed, and placed in the patrol car did not prohibit the search of the vehicle in Thornton. See 541 U.S. at 623-24, 124 S.Ct. 2127.
Based on this applicable law, the State asserts that the search of Waller's truck was valid despite the lack of a warrant because it fell within the first circumstance, a search incident to a valid arrest of a recent occupant of a vehicle, making it permissible under Belton and Thornton. On the other hand, Waller contends that the search was unconstitutional based on two cases, neither of which supports Waller's contention. The first case, Williams v. State, 903 So.2d 974 (Fla. 4th DCA 2005), focuses on the third circumstance allowing a search without a warrant, that of the inventory search, and not a search incident to a lawful arrest. Id. at 975. The search in the case at bar cannot be classified as an inventory search, as the trial court recognized, because an inventory search requires seizure and detention of a vehicle while Waller's vehicle was released to a friend. See Whren v. United States, 517 U.S. 806, 812 n. 1, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)("An inventory search is the search of property lawfully seized and detained, in order to ensure that it is harmless, to secure valuable items (such as might be kept in a towed car), and to protect against false claims of loss or damage."). The second case, Slone v. State, 902 So.2d 852 (Fla. 4th DCA 2005), presents factual circumstances different from those in the case at bar, because in Slone the defendant was not seen in his vehicle prior to arrest while Waller was seen in his vehicle and asked to exit his vehicle by the detectives. Id. at 854 ("No one, however, had seen appellant in his vehicle just prior to the arrest.").
We conclude that the search of Waller's truck falls under the first circumstance allowing for an exception to the warrant requirement for search of a vehicle. Waller was lawfully arrested for an ordinance violation. Arrest for an ordinance violation, even though it is neither a felony nor misdemeanor arrest, can be the basis for a lawful search of a vehicle incident to that arrest. See State v. Averette, 473 So.2d 3, 4 (Fla. 2d DCA 1985)(arrest on outstanding warrant for animal control ordinance violation permitted search of vehicle). Waller was in his vehicle at the *368 time of the violation, was asked to exit the vehicle by the detectives (although the fact that Waller was asked to exit the vehicle is of no special importance based on Thornton), and was then placed in custody, so that he was the recent occupant of a vehicle upon his lawful arrest. Because Waller was the recent occupant of a vehicle who was lawfully arrested, the detectives were permitted to search his truck and the containers within his truck without a warrant as an incident to that lawful arrest based on Belton and Thornton.
In sum, the trial court erred by invalidating the search of Waller's truck and suppressing the resulting evidence. Consequently, we reverse and remand for further proceedings consistent with this opinion.
Reversed and Remanded.
GUNTHER, GROSS and HAZOURI, JJ., concur.
NOTES
[1] See Thornton v. United States, 541 U.S. 615, 622-23, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004)("The need for a clear rule, readily understood by police officers and not depending on differing estimates of what items were or were not within reach of an arrestee at any particular moment, justifies the sort of generalization which Belton enunciated. Once an officer determines that there is probable cause to make an arrest, it is reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment."); Mack v. City of Abilene, 2005 WL 1149807, at *11 n. 14 (N.D.Tex.2005)("Note the concurring opinion of Justice O'Connor [in Thornton] recognizing with obvious dissatisfaction that `lower court decisions seem now to treat the ability to search a vehicle incident to the arrest of a recent occupant as a police entitlement rather than as an exception justified by the twin rationales of Chimel [v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)],' Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127, 2133, 158 L.Ed.2d 905 (O'Connor, J., concurring in part), those twin rationales for searches within an arrestee's immediate control being ensuring officer safety and preventing the removal or destruction of evidence. Note further Justice Scalia's concurrence in the judgment [in Thornton], in which he states his agreement with the assessment offered by another judge that, `in our search for clarity, we have now abandoned our constitutional moorings and floated to a place where the law approves of purely exploratory searches of vehicles during which officers with no definite objective or reason for the search are allowed to rummage around in a car to see what they might find.' Thornton, 124 S.Ct. at 2135 (Scalia, J., concurring in judgment)").