HAZOURI, J.
Ronnie Morris was charged by information with possession of heroin. He filed a motion to suppress arguing that the search of his vehicle was illegal. The trial court denied the motion and Morris entered a plea of no contest, reserving his right to appeal the denial of the motion to suppress as dispositive. We find that the noncon-sensual warrantless search of Morris’s vehicle was illegal, and we therefore reverse.
The only witness testifying at the motion to suppress hearing was City of Fort Lauderdale Police Officer Joyce Flem-ming. Flemming was employed by the Fort Lauderdale Police Department as a road patrol officer. In the course of her duties, Flemming came into contact with Morris and a blue Chevy Blazer parked on the south side of 6th Street and 16th Avenue in Fort Lauderdale. The car’s license plate reflected that the vehicle’s registration had expired a year-and-a-half earlier. Flemming advised Morris that he had to make arrangements to get his vehicle out of the area because it could not be driven on the roadways.
Approximately two weeks later, Flem-ming again came into contact with Morris and the vehicle. The vehicle was parked in a vacant lot on 17th Avenue and N.W. 6th Street in Fort Lauderdale. Flemming once again observed that the vehicle had the same expired license plate and she decided to have the vehicle impounded. Prior to having the Blazer towed and impounded, Flemming inventoried the vehicle and during that process discovered a leather pouch containing seven bags of heroin underneath the passenger side floorboard. She placed Morris under arrest and had the vehicle towed.
Orders denying motions to suppress are reviewed de novo. Harris v. State, 761 So.2d 1186, 1187 (Fla. 4th DCA 2000). This court is “required to accept the trial court’s determination of disputed issues of fact in a motion to suppress, as the trial court is vested with the authority to determine the credibility of the witnesses and the weight of the evidence.” Curtis v. State, 748 So.2d 370, 371 (Fla. 4th DCA 2000). “A trial court’s decision on a motion to suppress arrives at this court with a presumption of correctness.” Williams v. State, 903 So.2d 974, 976 (Fla. 4th DCA 2005). We review such orders de novo. Id.
The issue before this court is whether Flemming had the authority to impound Morris’s vehicle. Without the authority to impound the vehicle, the inventory search of the vehicle was a warrantless and illegal search.
Section 320.07, Florida Statutes (2005), states that a motor vehicle shall not be operated on the roads of this state with an expired license plate. The license plate must have a valid sticker reflecting current registration. Morris was clearly in violation of section 320.07. Unlike several other statutes dealing with the operation of a motor vehicle,[1] section 320.07 does not authorize the impounding of a motor vehicle.
In addition, there is no evidence in the record that suggests that Morris’s vehicle was illegally parked or created any type of traffic hazard. Flemming was free to give *600 Morris a citation for violation of section 320.07.
If Flemming was concerned that Morris would operate the vehicle on the public roadways without a valid registration, then she could have immobilized the vehicle or given Morris the option to make his own arrangements to have his vehicle towed. We can find no basis or justification for the impounding of Morris’s vehicle. Flem-ming’s action of impounding the vehicle and conducting a warrantless inventory search constituted an unreasonable search and seizure. We therefore reverse the trial court’s denial of the motion to suppress and because the motion to suppress is dispositive, we remand, and direct the tpal court to vacate Morris’s conviction.

Reversed and Remanded with Directions.

WARNER and KLEIN, JJ., concur.

. Section 316.191, Florida Statutes, deals with drag racing; section 316.193, Florida Statutes, deals with driving while under the influence; and section 322.34, Florida Statutes, deals with driving while license has been suspended, revoked, cancelled, or otherwise disqualified.