54 So.3d 625 (2011)
Barth KILBURN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D10-3614.
District Court of Appeal of Florida, First District.
February 22, 2011.
Nancy A. Daniels, Public Defender and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Pamela Jo Bondi, Attorney General; Anne C. Conley and Therese A. Savona, Assistant Attorneys General, Tallahassee, for Appellee.
*626 WETHERELL, J.
Barth Kilburn appeals the trial court's denial of his two dispositive motions to suppress. We find no merit to Kilburn's argument that law enforcement lacked the reasonable suspicion necessary to stop his vehicle and, therefore, affirm the denial of the first motion to suppress without further comment. However, because the state failed to establish that the post-arrest "inventory search" of Kilburn's vehicle was conducted in accordance with standardized criteria, we reverse the trial court's denial of the second motion to suppress.
On September 26, 2009, at approximately 1:30 a.m., a Santa Rosa County deputy sheriff observed Kilburn's pick-up truck weaving and crossing the centerline of the road several times over the course of approximately two and one-half miles. The deputy suspected that the truck's driver was under the influence, so he activated his lights to initiate a traffic stop. The truck did not immediately stop and, when it did, it almost hit a garbage can sitting near the road. Kilburn was arrested for driving under the influence (DUI), and the state charged the offense as a felony based upon Kilburn's three prior DUI convictions.
Kilburn's truck had to be towed after his arrest because it was located in an unsafe location on the side of a busy road, and as part of the impoundment process, the deputy conducted an "inventory search" of the truck. The deputy testified that Sheriff's Office policy required an inventory search to be done whenever a vehicle is towed, but that there were no standardized criteria or procedures for conducting such a search. During the search, the deputy found marijuana (less than 20 grams) and pills that turned out to be alprazolam and hydrocodone.[1] Kilburn was charged with possession of these drugs in addition to the felony DUI charge.
In January 2010, Kilburn filed a motion to suppress the drugs and all evidence related to the accusation that he was DUI upon the grounds that the traffic stop was an unlawful seizure. The trial court denied the motion after an evidentiary hearing, finding that the stop was justified because the deputy had a reasonable suspicion that Kilburn was impaired based upon his observations of Kilburn's driving. In May 2010, Kilburn filed a motion to suppress the drugs found during the inventory search upon the grounds that the search was conducted without a warrant and no exception to the warrant requirement applied. The trial court denied the motion after an evidentiary hearing, finding that the search was part of a valid inventory search which was an exception to the warrant requirement.
Kilburn thereafter pled no contest to felony DUI, possession of marijuana, and possession of alprazolam,[2] reserving his right to appeal the denial of the two motions to suppress. The trial court adjudicated Kilburn guilty and sentenced him to 60 days in jail followed by 36 months of probation on the felony offenses (DUI and possession of alprazolam), with a concurrent *627 30 days in jail and 12 months of probation for the misdemeanor possession of marijuana offense.
A trial court's ruling on a motion to suppress comes to this court with a presumption of correctness. Connor v. State, 803 So.2d 598, 608 (Fla.2001); State v. Gandy, 766 So.2d 1234 (Fla. 1st DCA 2000). Where, as here, the appellant does not challenge the factual findings underlying the trial court's ruling, our review is de novo. Connor, 803 So.2d at 608.
A warrantless search is per se unreasonable under the Fourth Amendment subject to a few well-defined exceptions. See Coolidge v. New Hampshire, 403 U.S. 443, 454-55, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The state has the burden to prove that an exception to the warrant requirement applies. See Hilton v. State, 961 So.2d 284, 296 (Fla.2007). Here, the state relied on the exception that allows law enforcement to conduct an inventory search of an impounded vehicle. See Colorado v. Bertine, 479 U.S. 367, 371, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987) (observing that "inventory searches are now a well-defined exception to the warrant requirement of the Fourth Amendment"); South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) (discussing the justifications for inventory searches of impounded vehicles and explaining that federal and state courts have consistently held that inventory searches conducted pursuant to standard police procedures are reasonable).
In order for this exception to apply, the inventory search must be "conducted according to standardized criteria."[3]State v. Wells, 539 So.2d 464, 468 (Fla. 1989) (quoting Bertine, 479 U.S. at 374 n. 6, 107 S.Ct. 738), aff'd. by Florida v. Wells, 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990). The requirement for standardized criteria serves to limit police discretion in determining the scope of the search and ensures that the police will not abuse the exception and use the inventory search as a subterfuge for a criminal investigatory search. Id. at 469; see also Rolling v. State, 695 So.2d 278, 294 (Fla.1997) (explaining that the test for determining the validity of an inventory search is one of reasonableness and "[t]he reasonableness of a purported inventory search is dependent upon it being a true good-faith inventory search and not a subterfuge for a criminal, investigatory search").
Here, the trial court did not make any findings regarding the existence of, or the deputy's compliance with, standardized criteria in conducting the inventory search of Kilburn's truck. Although the deputy testified that it was standard Sheriff's Office policy to conduct an inventory search whenever a vehicle was towed, he also testified that there were no standardized criteria for performing such a search. Additionally, the state did not present any evidence that it was standard Sheriff's Office policy to open closed containers found during the search, such as the pill bottle in Kilburn's truck where the drugs were found. Accordingly, under these circumstances, the trial court erred in denying Kilburn's motion to suppress the drugs found in his truck. See Wells, 539 So.2d at 469 (reversing denial of motion to suppress based upon the absence of a standardized policy requiring the opening of closed containers found during a legitimate inventory search); Beezley v. State, 863 So.2d 386 *628 (Fla. 2d DCA 2003) (reversing and remanding for discharge because trial court should have granted dispositive motion to suppress where no indication that police conducted inventory search according to standardized criteria); Patty v. State, 768 So.2d 1126 (Fla. 2d DCA 2000) (directing granting of motion to suppress where state failed to present evidence of standardized criteria used in inventory search); Roberson v. State, 566 So.2d 561 (Fla. 1st DCA 1990) (holding that search of closed can was illegal where evidence did not show that it was standard procedure to open closed containers).
Based upon the foregoing, we reverse the trial court's order denying Kilburn's second motion to suppress, and because that motion was dispositive of the possession of marijuana and possession of alprazolam offenses, we remand with directions that Kilburn be discharged on those offenses. In all other respects, Kilburn's judgment and sentence is affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
HAWKES, J., concurs; WOLF, J., concurs with opinion.
WOLF, J., Concurring.
In light of Florida v. Wells, 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990), and Roberson v. State, 566 So.2d 561 (Fla. 1st DCA 1990), I am compelled to concur with the majority opinion.
NOTES
[1] The arrest report states that the marijuana was found in a small plastic baggie and that the hydrocodone and alprazolam were found in a small pill bottle, but the transcript of the suppression hearing states that the deputy "found [the] marijuana in a small pill bottle that contained pills inside that middle console of the truck" (emphasis added). The state has not suggested that the court reporter incorrectly transcribed the deputy's testimony (e.g., typing "in" instead of "and") and, thus, our review is premised upon the marijuana being found in a closed pill bottle rather than in a clear baggie.
[2] The state nol prossed the possession of hydrocodone charge.
[3] The decision to impound the vehicle must also be made in accordance with standardized criteria. See Rodriguez v. State, 702 So.2d 259, 262 (Fla. 3d DCA 1997) (quoting Bertine, 479 U.S. at 375, 107 S.Ct. 738). However, Kilburn does not challenge the deputy's decision to impound his truck.